■ WILLIAM R. KLEIN, Appellant, v CHARLES G. CLAY et al., Respondents.—Judgment, Supreme Court, New York County, entered July 28, 1978, granting summary judgment dismissing the complaint as against all defendants, is unanimously affirmed, with one bill of costs. As to the defendants Clay and Battisti, the attorneys for the seller, there was no showing of fraud, collusion, malicious or tortious act on the part of these defendants attorneys such as would subject them to any liability to plaintiff buyer. All that is shown is that they took a certain position at the closing. If plaintiff was dissatisfied with that position, it was for him to decide whether he wished to accede to the seller's insistence that the closing go forward or not, with whatever legal consequences, favorable or unfavorable, that might entail. With respect to defendant Schirmer, even assuming a question of fact exists as to whether that defendant was plaintiff's attorney and was guilty of malpractice in advising his client to go forward with the transaction in

reliance upon the warranty deed, there is still no showing of the essential element of damage to plaintiff. "It is incumbent upon a [party] who opposes a motion for summary judgment to assemble, lay bare and reveal his proofs, in order to show that the matters set up in his [pleadings] are real and are capable of being established upon a trial." *(Di Sabato v Soffes,* 9 AD2d 297, 301.) At least on the issue of damage there is simply no evidence worthy of the name in plaintiff's papers. Plaintiff contracted to purchase certain described property. Plaintiff employed a surveyor who made an erroneous survey. Plaintiff furnished the metes and bounds description of the property in accordance with that survey for insertion in the warranty deed, which was done. It appears that the surveyor's description included some acreage which the seller did not own and failed to include other acreage which the seller owned and had contracted to convey. But when the error was discovered, the seller offered plaintiff a correction deed giving plaintiff exactly what plaintiff contracted to purchase. Plaintiff refused this deed unless he was also paid damages. There is no evidence that he suffered any damage. Concur—Sullivan, J. P., Bloom, Lupiano, Silverman and Ross, JJ.