■ HYMAN C. LEVINE, Respondent, v NORMAN R. THRESHMAN et al., Appellants. — Appeal from a judgment of the Supreme Court in favor of plaintiff, entered April 6, 1981 in Sullivan County, upon a decision of the court at Trial Term (Oberwager, J.), without a jury. Plaintiff attorney was hired by defendants to obtain a "safe crossing" over railroad tracks owned by the Erie Lackawanna Railway Company located on defendants' farm. Although it was marked "Ready" at calendar calls on 10 occasions between September, 1971 and February, 1973, the action that plaintiff commenced never reached trial due to court congestion and the unavailability of witnesses. When a dispute arose between plaintiff and defendants concerning attorney's fees, plaintiff, at defendants' urging, removed himself from the case with an oral agreement that payment for his services would be on a *quantum meruit* basis. Plaintiff sued for $2,000 and defendants counterclaimed for legal malpractice, alleging principally that plaintiff unduly delayed the prosecution of defendants' suit against the railway company. After a nonjury trial, the trial court by oral decision awarded plaintiff $2,000 as the fair and reasonable value of his services and dismissed defendants' counterclaim for failure of proof. On this appeal, defendants contend that the trial court improperly refused to admit into evidence an affidavit of the calendar clerk showing the number of times the case was marked "Ready", and also improperly refused to receive a letter dated March 10, 1970 between defendant Norman Threshman and plaintiff attorney. The court did not refuse admission of the letter. It merely regulated the sequence of its admission on defendants' counterclaim. As to the affidavit of the calendar clerk, it was hearsay and properly excluded (Richardson, Evidence [10th ed], § 200, pp 176-177). Furthermore, since defendants failed to prove that plaintiff proximately caused any damage to defendants (*Creative Inception v Andrews*, 50 AD2d 553), the trial court's dismissal of the counterclaim was appropriate. The other alleged errors are inconsequential. The judgment of the trial court was amply supported by the evidence and should not be disturbed. Judgment affirmed, with costs. Casey, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.