■ DIMITRIOS RESSIS, Appellant, v MICHAEL P. WOJICK, Respondent. — Appeal from an order of the Supreme Court at Special Term (Davis, J.), entered December 12, 1983 in Monroe County, which granted defendant's motion for summary judgment dismissing the complaint.

In June, 1979, plaintiff retained defendant to represent him in an action for divorce commenced by his wife. Each party in that action sought a divorce on the grounds of cruel and inhuman treatment. The action came before a Trial Term of the Supreme Court on January 15, 1981 in Monroe County, at which time a stipulation was set forth, on the record in open court, covering the issues of custody, visitation and support. Plaintiff agreed to the contents of the stipulation and also stated, on the record, that he was satisfied with his attorney's services. Following the taking of proof by both parties, mutual divorces were granted.

Subsequent to the divorce, plaintiff commenced a series of lawsuits against defendant relating to alleged misrepresentation by defendant during the divorce action. The causes of action alleged in the various complaints have ranged from malpractice to defamation and fraud, as well as some unidentifiable claims. The first action, which was commenced on June 30, 1982, was dismissed on December 8, 1982 for lack of personal jurisdiction over defendant. The second action was commenced on December 8, 1982, but was subsequently dismissed, upon a motion of defendant, for failure to state a cause of action. Plaintiff's third action, the one at issue herein, was commenced on July 11, 1983. The first cause of action in said complaint alleges acts of negligent omission by defendant in his representation of plaintiff in the matrimonial action. The second cause of action alleges that defendant disclosed confidential information to his wife's attorney by showing said attorney a letter which plaintiff had written. As a result of said disclosure, plaintiff claims that his wife's attorney influenced a medical health practitioner, who examined plaintiff with regard to custody of plaintiff's child, to produce a damaging evaluation causing removal of plaintiff's visitation rights. Plaintiff's third cause of action is predicated upon a claim that defendant defamed and slandered plaintiff by submitting a false statement to the Town of Brighton Police Department for the purpose of producing a damaging police report about plaintiff. Finally, plaintiff's fourth cause of action charges defendant with additional acts of negligent omission related to defendant's representation of plaintiff at a pretrial conference associated with the then-pending matrimonial action.

Defendant moved for dismissal of the complaint on the grounds that it fails to state a cause of action, that the Statute of Limitations is a complete bar and that there are no triable issues of fact. Special Term granted the motion and this appeal by plaintiff ensued. It must be noted that plaintiff is proceeding *pro se* in this litigation. It is very difficult to read the complaint

and ascertain precisely what causes of action have been alleged. However, we conclude that except for the third cause of action, the complaint essentially alleges attorney malpractice resulting from malfeasance and misfeasance. We agree with Special Term's dismissal of the complaint. Neither in the complaint nor in his affidavits in opposition to the motion for summary judgment does plaintiff allege any facts which would warrant the award of compensatory damages. In order to sustain an action for legal malpractice, plaintiff must prove that it was the attorney's negligence which proximately caused the actual and ascertainable damages that resulted (*Mendoza v Schlossman,* 87 AD2d 606, 607; *Klein v Clay,* 71 AD2d 594, 595, app dsmd 49 NY2d 759). Absent proof of actual damages, a claim for attorney malpractice is unsupportable (*Levine v Threshman,* 91 AD2d 789).

Finding as we do, we do not address the other issues raised except to note that we disagree with Special Term in its conclusion that all causes of action should have been dismissed because of the Statute of Limitations. The statute is an affirmative defense which must be alleged and proven by defendant. In this instance, defendant alleged the Statute of Limitations as a defense to the third cause of action only.

Order affirmed, with costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.