■ RUTH BARNHARD, Plaintiff, v IVAN BARNHARD, Defendant, and MANUFACTURERS HANOVER TRUST COMPANY, Defendant and Third-Party Plaintiff-Appellant. THEODORE R. SMITH, Third-Party Defendant-Respondent, et al., Third-Party Defendants.

The individual parties in this action are partners of Main Street Development Associates, a partnership formed in 1977 for the purpose of investing in real property. In 1985, the partnership was dissolved. To this end, a check in the sum of $19,537.65, payable to the plaintiff Ruth Barnhard and representing her share of the partnership assets, was drawn by the defendant Ivan Barnhard upon the partnership account maintained at the defendant third-party plaintiff Manufacturers Hanover Trust Company (hereinafter MHT). Ivan Barnhard, however, forged Ruth Barnhard's indorsement on the check, signed his own name, and deposited it into his personal account at MHT. After learning of the misappropriation, Ruth Barnhard commenced the instant action against Ivan Barnhard and MHT to recover the proceeds of the check. MHT asserted a cross claim against Ivan Barnhard and commenced a third-party action against the remaining partners. Theodore R. Smith, one of the third-party defendants, moved for summary judgment dismissing the third-party complaint insofar as it is asserted against him. The Supreme Court granted the motion and we affirm.

Partners may be held liable for the wrongful act of a copartner only where the act is committed "in the ordinary course of the business of the partnership, or with the authority of his copartners" (Partnership Law § 24; see, Ottinger v Dempsey, 161 AD2d 691). Inasmuch as Ivan Barnhard's unlawful and unilateral act of forgery was not within the partnership's course of business and was not authorized by his copartners, they may not be held liable to the bank for the misappropriated funds. Nor does the parties' banking agreement sustain MHT's claim. We therefore affirm the granting of summary judgment in favor of third-party defendant Smith, an innocent partner.

We have examined the remaining contentions advanced by MHT on this appeal and find them to be without merit. Kunzeman, J. P., Balletta and Ritter, JJ., concur.

Miller, J., dissents and votes to reverse with the following memorandum. Viewing the record in the light most favorable to MHT, the party opposing the motion for summary judgment, I find triable issues of fact requiring resolution at trial. Specifically, the circumstances of the subject transaction, including the parties' banking agreement, present issues of fact as to the apparent authority of Ivan Barnhard to negotiate the check without inquiry by the bank into the authenticity of

the indorsement thereon *(see generally, Greene v Hellman,* 51 NY2d 197; *Chemical Bank v Haskell,* 51 NY2d 85; *Ford v Unity Hosp.,* 32 NY2d 464). If it is determined that the offending partner had such apparent authority, the remaining partners may be liable to MHT for payment of the proceeds *(see,* Partnership Law § 24; *Ottinger v Dempsey,* 161 AD2d 691). Therefore, the Supreme Court's award of summary judgment to the third-party defendant Smith was error, and the order of the Supreme Court should be reversed and the matter remitted to the Supreme Court for further proceedings.