■ MAUREEN D'ANTONI, Appellant, v ALAN P. ANSELL et al., Respondents.—In an action for money had and received, and for attorney's fees, the plaintiff appeals from a judgment of the Supreme Court, Nassau County (Kutner, J.), dated June 19, 1990, which after a nonjury trial, awarded her the principal sum of only $2,255.50.

Ordered that the judgment is modified, on the facts, by increasing the award to the plaintiff to the principal sum of $6,000, with interest from July 28, 1987; as so modified, the judgment is affirmed, with costs to the appellant.

The appellant retained the respondents to represent her in matrimonial litigation which was ultimately resolved by a separation agreement and, shortly thereafter, an uncontested judgment of divorce. The agreement provided that the appellant's former husband would pay the respondents $8,500 as "reasonable counsel fees" for services rendered by the respondents on the appellant's behalf, which he promptly paid. The appellant seeks return of the $6,000, for which she was billed by and which she timely paid to the respondents before the separation agreement was executed.

The evidence adduced at the nonjury trial establishes that the appellant and her former husband each understood that the $8,500 fee set forth in the agreement the respondents drafted was for all legal work performed for the appellant and that the appellant would be reimbursed for amounts she paid. Indeed, the attorney for the appellant's former husband testified that the respondent Ansell stated he expected the appellant's former husband to pay his fee and that he would reimburse the appellant, "who had already paid him". Although Ansell disputed that the appellant was to be reimbursed and although he testified he thought the appellant did not "fully understand what was going on", he also testified that he knew the appellant's former husband would not have paid the fee unless he were "assured" that the appellant would be reimbursed.

The Supreme Court concluded that it was "not credible" that the parties intended that the appellant be reimbursed. It premised its finding on an accounting, prepared by the respondent Ansell after commencement of litigation and after the appellant filed a complaint with the Grievance Committee, which reflected that slightly more than $8,500 worth of legal work had been performed at the time the separation agreement was signed and because it was obvious that placing the matrimonial matter on the uncontested divorce calendar would entail further legal work which the respondents had not agreed to perform without charge. Although it made some adjustments, the Supreme Court effectively awarded the appellant only the difference between the $14,500 in total legal fees the respondents collected and total legal fees reflected in the accounting, which was prepared long after the work was performed.

We note that the reasonableness of attorney's fees is always subject to court scrutiny *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471; *Reisch & Klar v Sadofsky,* 78 AD2d 517).* Moreover, our review in this nonjury case is not limited to determining whether the Supreme Court's findings are supported by credible evidence *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492, 499; *Matter of Fasano v State of New York,* 113 AD2d 885, 888). Where, as here, the evidence indicates that a different result is not unreasonable, we must weigh the relative probative force of conflicting testimony and of the conflicting inferences to be drawn *(Matter of Fasano v State of New York, supra).*

The Supreme Court should not have accepted at face value the after-the-fact accounting of time the respondents claim they expended on the appellant's behalf *(see, Matter of First Natl. Bank v Brower, supra; Reisch & Klar v Sadofsky, supra).* Furthermore, we infer from the respondents' failure to respond to the appellant's repeated, documented requests for reimbursement, and from their failure to return what their own accounting demonstrates was an unearned fee, that this dispute is not a mere product of the appellant's misunderstanding. We conclude, based on our review of the record, that all parties understood that the $8,500 which the respondents received pursuant to the separation agreement was intended to represent their full fee and that the respondents are entitled to no more than that amount as a reasonable attorney's fee.

The Supreme Court correctly concluded that the appellant was not entitled to attorney's fees for prosecuting the instant litigation. Absent statutory or contractual provision, attorney's fees are incidents of litigation which are not recoverable by the prevailing party *(Matter of A. G. Ship Maintenance Corp. v Lezak,* 69 NY2d 1, 5; *see also, Giblin v Murphy,* 73 NY2d 769). While the appellant urges that the fees should be awardable as punitive damages, she failed to demonstrate at trial that the respondents engaged in morally culpable conduct which would support a punitive damage award *(see, Giblin v Murphy, supra).* Mangano, P. J., Harwood, Balletta and Eiber, JJ., concur.