■ MARTIN ZEITLIN et al., Appellants, v GREENBERG, MARGOLIS, ZIEGLER, SCHWARTZ, DRATCH, FISHMAN, FRANZBLAU & FALKIN, P. A., et al., Respondents. [619 NYS2d 289] —In an action to recover damages for legal malpractice, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated July 1, 1992, as (a) partially granted the defendants' motion to dismiss the complaint by dismissing so much of the first and second causes of action as sought to recover damages for legal malpractice, and (b) denied the plaintiffs' cross motion for discovery in order to oppose the defendants' motion or, in the alternative, for leave to replead.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly dismissed so much of the first and second causes of action as sought to recover damages for legal malpractice. An action to recover damages for legal malpractice requires proof that (a) the attorney was negligent; (b) the negligence was the proximate cause of the loss sustained; and (c) actual damages (see, Ressis v Wojick, 105 AD2d 565; Mendoza v Schlossman, 87 AD2d 606). In other words, a plaintiff in a legal malpractice action must demonstrate that the attorney failed to exercise that degree of skill commonly exercised by an ordinary member of the legal community, and that but for the failure to exercise that requisite degree of skill the result sought by the plaintiff would or could have been achieved (see, Stroock & Stroock & Lavan v Beltramini, 157 AD2d 590; Seveca v Reilly, 111 AD2d 493; Parker Chapin Flattau & Klimpl v Daelen Corp., 59 AD2d 375).

Although the first and second causes of action set forth several acts and/or omissions constituting the alleged negligence, they failed to allege any facts which support a finding that the plaintiffs sustained present damages as a result of that negligence. Consequently, to the extent that the first and second causes of action sought to recover damages for legal malpractice they were properly dismissed (see, Ressis v Wojick, supra).

We have considered the plaintiffs' remaining contentions and find them to be without merit. O'Brien, J. P., Joy, Friedmann and Krausman, JJ., concur.