■ LEFRAK, NEWMAN & MYERSON, Respondent, v MINNIE L. TANANBAUM, Defendant, and BARBARA T. DEGORGE, Appellant. [622 NYS2d 250] —Order of the Supreme Court, New York County (Stephen Crane, J.), entered on April 30, 1993, which granted plaintiff-respondent's motion for summary judgment, and denied defendant-appellant's cross-motion to consolidate this action with a related action, is unanimously reversed, on the law, and the facts, the motion for summary judgment is denied, and the cross-motion to consolidate is granted, and the matter is remanded, without costs.

In this action to recover legal fees on an hourly basis pursuant to a written retainer agreement, we hold that a factual issue is presented as to the reasonableness of the fees. In 1989, Thomas Holman, Esq., a partner in the plaintiff law firm, was retained to represent the defendant-appellant, and her sister, in a lengthy Surrogate's Court proceeding that resulted in $8.7 million surcharges against the trustees of a trust of which the two sisters are beneficiaries. At the time of the Surrogate's Court trial, Thomas Holman was a partner of a firm, then known as Summit, Rovins & Feldesman. Mr. Holman undertook the Surrogate's Court proceeding on a contingency basis, but handled the appeal on an hourly basis, representing both sisters. In January 1991, the sisters retained Mr. Holman to represent them on the appeal, but in March 1991, he left the Summit firm and joined the plaintiff law firm.

Pursuant to an agreement between the Summit law firm and the Lefrak law firm, each appeared as co-counsel on the appeal and each submitted separate bills. Appellant alleges that she never agreed to be represented by both firms on the appeal. A related action, entitled *Summit Solomon & Feldesman v Tananbaum,* seeks $176,281 in fees and disbursements for handling the appeal. The Lefrak firm seeks $263,401 for the same appeal. We hold that a factual question is presented

as to the reasonableness of the fees *(see, Matter of First Natl. Bank v Brower,* 42 NY2d 471; *D'Antoni v Ansell,* 184 AD2d 678). We grant the motion to consolidate the *Summit* action so that the entire claim can be determined in one proceeding. On this record, given the amount of the fees charged, especially in light of the dual representation and the dubious merit of many of the surcharges, the reasonableness of the fees presents a factual question. Concur—Murphy, P. J., Rosenberger, Wallach, Kupferman and Asch, JJ.