■ ALI KHADEM, Appellant, v FISCHER & KAGAN et al.,

Respondents. [626 NYS2d 500] —In an action to recover damages for legal malpractice and breach of contract, the plaintiff appeals, as limited by his brief, from (1) an order of the Supreme Court, Suffolk County (Henry, J.), entered March 29, 1993, which granted the motion of the defendants Fischer & Kagan, Jay D. Fischer, Fischer, Kagan, Ascione & Zaretsky, and Fischer, Kagan, Ascione, Zaretsky & Scarinci for summary judgment dismissing the complaint insofar as it is asserted against them, and *sua sponte* granted summary judgment to the defendant Proskauer Rose Goetz & Mendelsohn, dismissing the complaint as asserted against it, and (2) so much of an order of the same court, entered September 17, 1993, as, upon reargument, adhered to its original determination.

Ordered that the appeal from the order entered March 29, 1993, is dismissed, as that order was superseded by the order entered September 17, 1993, made upon reargument; and it is further,

Ordered that the order entered September 17, 1993, is reversed insofar as appealed from, on the law, with costs, the order entered March 29, 1993, is vacated, and the motion by the defendants Fischer & Kagan, Jay D. Fischer, Fischer, Kagan, Ascione & Zaretsky, and Fischer, Kagan, Ascione, Zaretsky & Scarinci is denied.

In August of 1982, the plaintiff, an Iranian attorney, retained the law firm of Fischer & Kagan on a contingency basis to represent him in a suit against Pan American World Airways (hereinafter Pan Am) to collect legal fees allegedly owed to him. It is undisputed that for five years after serving a complaint on Pan Am in February of 1983, Fischer & Kagan did not pursue the litigation due to mere inadvertence. In the spring of 1989, the individual defendant Jay Fischer left Fischer & Kagan to become a partner at Proskauer Rose Goetz & Mendelsohn, and the plaintiff accordingly executed a substitution of attorneys. On January 8, 1991, Pan Am filed for bankruptcy and the plaintiff's action was automatically stayed. The plaintiff commenced the instant action to recover damages for malpractice and breach of contract against the defendants, asserting that but for the defendants' negligence, he would have had either (1) a judgment against Pan Am and would have collected on the judgment, or (2) a judgment against Pan Am and would have been a secured creditor in the bankruptcy proceeding. The plaintiff is an unsecured

creditor in the bankruptcy proceeding with little likelihood of recovering any money.

An action to recover damages for legal malpractice requires proof that (a) the defendant was negligent, (b) the negligence was the proximate cause of the loss sustained, and (c) the plaintiff sustained actual damages *(see, Zeitlin v Greenberg, Margolis, Ziegler, Schwartz, Dratch, Fishman, Franzblau & Falkin,* 209 AD2d 510).

There is clearly a question of fact as to whether Fischer & Kagan's delay in prosecuting the case between 1983 and 1988, including its failure to timely move for leave to enter a default judgment against Pan Am when Pan Am did not answer the complaint within the prescribed time, was a proximate cause of the plaintiff's injury *(see generally, Derdiarian v Felix Constr. Corp.,* 51 NY2d 308). Since the then-impending financial demise of Pan Am was well known in the business and legal community, it cannot be said, as a matter of law, that the filing for bankruptcy by Pan Am was so extraordinary under the circumstances as to attenuate any negligence on the part of the defendants from the plaintiff's ultimate injury *(see generally, Ventricelli v Kinney Sys. Rent A Car,* 45 NY2d 950; *Farrell v Lowy,* 192 AD2d 691).

Moreover, the record supports the conclusion that Jay D. Fischer remained the supervising attorney over the plaintiff's case while a partner at both Fischer & Kagan and Proskauer Rose Goetz & Mendelsohn, and therefore the defendants' argument that there was no continuous force which was active up until the time of the plaintiff's harm is disingenuous. As there is a question of fact as to whether Jay D. Fischer was continually negligent in pursuing the plaintiff's case after becoming a partner at Proskauer Rose Goetz & Mendelsohn, Proskauer Rose Goetz & Mendelsohn was not entitled to summary judgment *(see,* Partnership Law § 24; *see generally, Barnhard v Barnhard,* 179 AD2d 715).

We further find that the legal malpractice action is not premature, as the plaintiff's damages are neither speculative nor incapable of being proven with reasonable certainty *(cf., Brown v Samalin & Bock,* 168 AD2d 531). The record reflects, as the Supreme Court acknowledged upon reargument, that unsecured creditors most likely will not receive any distribution in the bankruptcy. Moreover, the plaintiff has subrogated his rights to any potential amount he may recover from the proceeding.

We further find that the defendants were not entitled to

summary judgment on the plaintiff's cause of action for breach of contract *(see generally, Luk Lamellen U. Kupplungbau GmbH v Lerner,* 166 AD2d 505). Thompson, J. P., Santucci, Friedmann and Florio, JJ., concur.