In the Matter of BIZAR & MARTIN, Appellant, v U.S. ICE CREAM CORP. et al., Respondents. [644 NYS2d 753]

As a matter of public policy, courts pay particular attention to fee arrangements between attorneys and their clients (see, Shaw v Manufacturers Hanover Trust Co., 68 NY2d 172, 176; Jacobson v Sassower, 66 NY2d 991, 993; Smitas v Rickett, 102 AD2d 928, 929) and the reasonableness of attorney's fees is always subject to court scrutiny (see, Matter of First Natl. Bank v Brower, 42 NY2d 471; D'Antoni v Ansell, 184 AD2d 678, 680; Reisch & Klar v Sadofsky, 78 AD2d 517). An attorney has the burden of showing that a fee contract is fair, reasonable, and fully known and understood by the client (see, Shaw v

*Manufacturers Hanover Trust Co., supra,* at 176; *Jacobson v Sassower, supra,* at 993; *Smitas v Rickett, supra,* at 929; *Cohen v Ryan,* 34 AD2d 789, 790; *see also,* Code of Professional Responsibility EC 2-19, 2-20). The law requires that an agreement between the client and the attorney be construed most favorably for the client *(see, Shaw v Manufacturers Hanover Trust Co., supra,* at 177; *Jacobson v Sassower, supra,* at 993; *Greenberg v Bar Steel Constr. Corp.,* 22 NY2d 210, 213). In fact, where the evidence indicates that a different result is not unreasonable, the reviewing court must weigh the relative probative force of conflicting testimony and of the conflicting inferences to be drawn *(see, D'Antoni v Ansell, supra,* at 680; *Matter of Fasano v State of New York,* 113 AD2d 885, 888).

Contrary to the petitioner's contentions, the Supreme Court properly determined that the language in the letter retainer agreement concerning a "gross recovery" was ambiguous. The petitioner alleges that this terminology was intended to encompass all cash and non-cash benefits. However, in the absence of any such clear language, the petitioner was required to establish that the respondents understood that those were the terms of the agreement *(see, Jacobson v Sassower, supra,* at 993). The petitioner failed to do so. In fact, none of the petitioner's witnesses testified that the meaning of "gross recovery" was ever explained to or understood by the respondents before they executed the agreement. Further, non-cash benefits as a basis for incentive fees were not contemplated by the express terms of the letter retainer agreement nor by any of the subsequent correspondence between the petitioner and the respondents. Since, the burden in such situations is always on the attorney to establish that the fee arrangement was fair and fully known and understood by the client *(see, Shaw v Manufacturers Hanover Trust Co., supra,* at 176), the court properly determined that the petitioner failed to meet its burden.

We have examined the petitioner's remaining contentions and find them to be without merit. Bracken, J. P., O'Brien, Joy and Goldstein, JJ., concur.