■ In the Matter of JON N. SANTEMMA, Appellant-Respondent, v CHASCO Co. et al., Respondents-Appellants. [660 NYS2d 451] —In a proceeding pursuant to Judiciary Law § 475 to fix and enforce an attorney's lien, (1) the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Murphy, J.), entered August 7, 1996, as directed that a hear-

ing be held on his motion to fix and enforce an attorney's lien in the sum of $2,111,457.90 and the respondents cross-appeal from stated portions of the same order, which, *inter alia,* denied their cross motion to conduct discovery pursuant to CPLR 408, and (2) the petitioner appeals, as limited by his notice of appeal and brief, from so much of an order of the same court, entered September 13, 1996, as, (a) upon the granting of the respondents' motion for reargument of their cross motion to conduct discovery, granted the cross motion to the extent of directing the petitioner to identify and furnish to the respondents all documents that he intends to use as evidence at the hearing, and (b) failed to grant reciprocal discovery rights to him, and the respondents cross-appeal from so much of the same order as, (a) upon reargument, failed to grant that branch of their prior cross motion which was to conduct depositions of the petitioner and his expert or other witnesses, and (b) granted the petitioner's cross motion to permit him to retain the disputed funds, i.e., $2,111,457.90, in his interest-bearing escrow account.

Ordered that on the Court's own motion, the petitioner's notice of appeal from the order entered August 7, 1996, is treated as an application for leave to appeal and leave to appeal is granted *(see,* CPLR 5701 [c]); and it is further,

Ordered that the cross appeal from the order entered August 7, 1996, is dismissed, without costs or disbursements, as the portion of the order cross-appealed from was superseded by so much of the order entered September 13, 1996, made upon reargument; and it is further,

Ordered that the order entered August 7, 1996, is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order entered September 13, 1996, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The petitioner may not appeal as of right from so much of the order entered August 7, 1996, as directed a hearing on his motion to fix and enforce an attorney's lien *(see, Palma v Palma,* 101 AD2d 812). We have therefore granted leave to appeal from that portion of the order.

The petitioner, an attorney, filed various petitions pursuant to RPTL article 7 challenging the tax assessments of certain commercial property owned by the respondent Chasco Co. known as One Jericho Plaza, Jericho, and the tax assessments of certain commercial property owned by the respondent Hubspot Co. known as Two Jericho Plaza, Jericho. In 1995, various

challenges for the tax years 1991/1992 through 1994/1995 were settled. Although the terms of the settlement are not set forth in the record, it is not disputed that refunds were issued totalling $4,189,138.83. A dispute then arose between the parties concerning the petitioner's fee. The petitioner asserted that the parties had agreed to a one-third contingency fee on all refunds and tax savings, which the petitioner calculated would eventually total $6,335,007.46. This figure included, *inter alia,* the refunds already issued and an "anticipated" refund for the 1996/1997 tax year. The respondents disputed the existence of any agreement or arrangement concerning a contingency fee for the properties at issue, and asserted that the petitioner was entitled to compensation on a quantum meruit basis only. The petitioner thereafter filed this proceeding seeking to fix and enforce a lien pursuant to Judiciary Law § 475 in the amount of $2,111,457.90. In the orders appealed and cross-appealed from, the Supreme Court, *inter alia,* referred the petitioner's motion to fix the lien for a hearing and permitted the petitioner to retain the disputed sum of $2,111,457.90 in an interest-bearing escrow account pending resolution of the proceeding.

We agree with the Supreme Court that the proof proffered by the petitioner was inadequate as a matter of law to support a finding that there existed between the parties an agreement for a one-third contingency fee for the legal work at issue *(see, Shaw v Manufacturers Hanover Trust Co.,* 68 NY2d 172; *Matter of Bizar & Martin v U.S. Ice Cream Corp.,* 228 AD2d 588; Code of Professional Responsibility DR 2-106 [D] [22 NYCRR 1200.11 (d)]). Thus, as no other agreement as to the amount or calculation of the fee was alleged or is evident, the petitioner is entitled to recover on a quantum meruit basis only *(see, Matter of Jerly Realty Corp.,* 42 AD2d 994), and the court properly directed that a hearing be held on the amount of fees the petitioner is due.

Contrary to the arguments of the respondents, the Supreme Court did not make a factual finding that the total tax savings realized by the respondents was $6,335,007.46, the figure proffered by the petitioner.

We have considered the parties' several remaining contentions and find them to be without merit. Ritter, J. P., Sullivan, Santucci and McGinity, JJ., concur.