■ MICHAEL WOLFGANG, Respondent, v HAMPTON HILL VILLAS CONDOMINIUM BOARD OF MANAGERS et al., Appellants. [816 NYS2d 785]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered February 22, 2005. The order, insofar as appealed from, denied the cross motion of defendants for summary judgment dismissing the complaint and denied the

motion of defendants seeking, inter alia, leave to supplement the counterclaim of defendant Hampton Hill Villas Condominium Board of Managers.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action to recover legal fees arising from his representation of defendants in a proceeding challenging the assessment of their property by the Town of Amherst. Supreme Court properly denied that part of defendants' cross motion for summary judgment dismissing the complaint on the ground that, pursuant to the terms of the retainer agreement drafted by plaintiff, defendants owe no fees for legal services rendered by plaintiff. Although "[t]he law requires that an agreement between the client and the attorney be construed most favorably for the client" (*Matter of Bizar & Martin v U.S. Ice Cream Corp.*, 228 AD2d 588, 589 [1996]; *see Jacobson v Sassower*, 66 NY2d 991, 993 [1985]), here the court properly determined that there is an issue of fact precluding summary judgment in favor of defendants because the retainer agreement is ambiguous and there is conflicting extrinsic evidence with respect to the intent of the parties (*see generally W.W.W. Assoc. v Giancontieri*, 77 NY2d 157, 163 [1990]; *Ruthman, Mercadante & Hadjis v Nardiello*, 260 AD2d 904, 906 [1999]).

Also contrary to the contention of defendants, the court properly denied that part of their subsequent motion for partial summary judgment seeking a determination that a new retainer agreement was required under Code of Professional Responsibility DR 2-106 (d) (22 NYCRR 1200.11 [d]) because plaintiff began utilizing a different benchmark figure in calculating defendants' tax savings for subsequent years. Even assuming, arguendo, that a new retainer was required in the event that the parties agreed to a different benchmark figure, we conclude that there is a preliminary issue of fact whether the parties agreed pursuant to the terms of the retainer agreement to a particular benchmark figure. The resolution of that issue is dependent upon the intent of the parties and, as noted, there is conflicting extrinsic evidence concerning the intent of the parties, thus also precluding defendants' entitlement to partial summary judgment.

Finally, the court properly denied that part of defendants' subsequent motion seeking "leave to supplement [the] counterclaim" of defendant Hampton Hill Villas Condominium Board of Managers inasmuch as the proposed supplement is patently without merit (*see generally Ressis v Wojick*, 105 AD2d 565

[1984], *lv denied* 64 NY2d 609 [1985]). Present—Hurlbutt, J.P., Scudder, Martoche, Smith and Hayes, JJ.