Tarshis & Hammerman, LLP, Respondent,
against
Karen Hartig, Appellant.



Appeal from a judgment of the Civil Court of the City of New York, Queens County (Jodi Orlow, J.), entered January 16, 2014. The judgment, after a nonjury trial, awarded plaintiff the principal sum of $5,000 and implicitly dismissed defendant's counterclaims.




ORDERED that the judgment is affirmed, without costs.
In December 2010, defendant retained plaintiff law firm to represent her son in a criminal matter and entered into a written retainer agreement, which clearly stated that plaintiff's fee for legal services rendered up until trial would be $10,000. Defendant paid plaintiff an initial retainer fee of $5,000, and was to pay the remaining $5,000 at a later date, but failed to do so. Plaintiff brought this action to recover the sum of $5,000, representing the balance due under the retainer agreement. Defendant interposed a first counterclaim seeking the return of the $5,000 which she had already paid plaintiff and a second counterclaim for legal malpractice.
At a nonjury trial, Michael Hammerman, Esq., who appeared on behalf of plaintiff, testified that, over the course of his representation of defendant's son, he had met with defendant and her son several times regarding the case, made eight court appearances, met with an investigator, discussed the case with both the assistant district attorney assigned to the case and the bureau chief, performed legal research and prepared an omnibus motion. He described some of the difficulties involved in the matter as well as his prior criminal law experience, and noted that he had achieved a relatively favorable disposition for defendant's son. Defendant testified that she did not realize that the document she had signed was a retainer agreement, and that she had not agreed to pay plaintiff $10,000. She further testified that Hammerman had done nothing for her son, that he had no strategy and had minimal experience in criminal law. At the conclusion of the trial, the Civil Court found in favor of plaintiff and dismissed defendant's counterclaims. Defendant appeals from the January 16, 2014 judgment awarding plaintiff the principal sum of $5,000 and implicitly dismissing defendant's counterclaims.
In reviewing a determination made after a nonjury trial, the power of this court is as broad as that of the trial court, and this court may render the judgment it finds warranted by the facts, bearing in mind that the determination of a trier of fact as to issues of credibility is given substantial deference, as a trial court's opportunity to observe and evaluate the testimony and demeanor of the witnesses affords it a better perspective from which to assess their credibility (see Northern Westchester Professional Park Assoc. v Town of Bedford, 60 NY2d 492, 499 [1983]; Hamilton v Blackwood, 85 AD3d 1116 [2011]; Zeltser v Sacerdote, 52 AD3d 824, 826 [2008]).
As a matter of public policy, courts pay particular attention to fee arrangements between attorneys and their clients (see Jacobson v Sassower, 66 NY2d 991, 993 [1985]), and the reasonableness of attorney's fees is always subject to court scrutiny (see Matter of Bizar & Martin v U.S. Ice Cream Corp., 228 AD2d 588 [1996]).
The retainer agreement signed by defendant set forth "the scope of the representation and [*2]the basis or rate of the fee and expenses for which the client will be responsible" (Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [b]), i.e., that defendant would be responsible for paying plaintiff the sum of $10,000, which would cover any legal services rendered by plaintiff in the criminal matter up until trial. The agreement was not ambiguous, and plaintiff demonstrated that substantial legal services had been rendered in the criminal matter resulting in a disposition before trial. In light of Hammerman's testimony regarding the work he had performed, the nature of the issues involved in the case, the skill required to handle those issues and the results obtained (see Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.5 [a]), we find that the amount charged was reasonable. In view of the foregoing, the Civil Court did not err in awarding plaintiff the remaining balance due under the retainer agreement and in dismissing defendant's counterclaims.
Although defendant contends that she was not able to adequately defend herself at trial, the record indicates the contrary. While she admits that she did not ask the court for an adjournment, she argues that, since she is not an attorney, she is entitled to a new trial. Her status as a self-represented litigant, however, does not entitle her to greater rights than any other litigant (see Roundtree v Singh, 143 AD2d 995 [1988]).
Accordingly, the judgment is affirmed.
Weston, J.P., Pesce and Aliotta, JJ., concur.
Decision Date: March 18, 2016