■ Ennigier Rivera, Respondent, v MD. LR. Bhuiyan et al., Appellants. [52 NYS3d 315]—

Order, Supreme Court, Bronx County (Howard H. Sherman, J.), entered March 25, 2016, which, to the extent appealed from, denied defendants' motion to dismiss the amended complaint's negligent hiring, retention and supervision claim, unanimously affirmed, without costs.

This is an action to recover damages for personal injuries allegedly sustained after a collision between a motor vehicle

operated by defendant Rivera and a motorcycle operated by plaintiff. The amended complaint and the bill of particulars when considered together state a claim for negligent hiring, retention and supervision, because it is alleged that defendants MD. LR. Bhuiyan (Bhuiyan) and/or Park West Executive Services, Inc. (Park West) knew or should have known that defendant Rivera was not competent to safely operate a motor vehicle if they had conducted an investigation into her driving history (*see Sheila C. v Povich*, 11 AD3d 120, 129-130 [1st Dept 2004]). Although Bhuiyan and Park West initially denied in the answer that defendant Rivera was operating the vehicle within the scope of her employment when the accident happened, in their reply affirmation, they concede the issue. However, inasmuch as plaintiff claims that Bhuiyan and Park West negligently and recklessly hired, retained and supervised defendant Rivera, this claim may be treated, in effect, as a demand for punitive damages (*see Quiroz v Zottola*, 96 AD3d 1035, 1037 [2d Dept 2012]), bringing the claim within the exception to the rule that generally, a claim for negligent hiring may not stand when liability is premised upon respondeat superior (*id.*). Concur—Sweeny, J.P., Acosta, Mazzarelli, Manzanet-Daniels and Webber, JJ.