■ LEGGIADRO, LTD., Respondent-Appellant, et al., Plaintiffs, v WINSTON & STRAWN, LLP, Appellant-Respondent. [56 NYS3d 72]—

Order, Supreme Court, New York County (Shirley Werner Kornreich, J.), entered April 15, 2016, which granted in part and denied in part the motion of defendant Winston & Strawn, LLP (W&S) for summary judgment dismissing the remaining legal malpractice claim in the complaint, unanimously modified, on the law, to deny W&S's motion for summary judgment in its entirety, and otherwise affirmed, without costs.

The court properly declined to dismiss the corporate plaintiff's claim that it would not have accepted the landlord's buyout offer of the remaining six years on its commercial lease if it had been properly advised by W&S of a $400,000 New York City corporate tax obligation it would have to pay on the buyout figure. Deposition testimony and affidavits offered from the corporate plaintiff's principal assert that it was W&S's responsibility to ensure that the negotiated buyout covered all of plaintiff's anticipated relocation expenses and attendant tax

obligations such that plaintiff would not be out of pocket financially when relocating to allow the nonparty landlord to undertake a major renovation of its building. Under the circumstances presented, triable issues exist as to whether, but for W&S's failure to inform plaintiff of the corporate tax obligation, plaintiff would have declined the buyout offer, remained in its existing leasehold and avoided any damages associated with having to pay, out of pocket, a corporate tax on the buyout sum (*see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer*, 8 NY3d 438 [2007]; *Miuccio v Straci*, 129 AD3d 515 [1st Dept 2015]).

Another branch of the malpractice claim alleged that but for counsel's negligence in failing to raise the tax issue, the landlord would have offered a higher buyout figure to cover the New York City corporate tax obligation. This branch of the claim is also viable. Although the claim is founded upon a discretionary decision residing in another over whom the corporate plaintiff had no control, the circumstances support plaintiff's contention that the landlord would have agreed to satisfy the tax liability. As we opined in sustaining the malpractice cause of action in the complaint on defendant's motion to dismiss, plaintiff had a strong bargaining position because the amount of time left on the lease, as well as the importance of the leased space to the landlord's conversion plans, would have pressured the landlord to acquiesce to plaintiff's relatively minor request (*see Leggiadro, Ltd. v Winston & Strawn, LLP*, 119 AD3d 442, 442-443 [1st Dept 2014]; *see also Campbell v Rogers & Wells*, 218 AD2d 576, 580 [1st Dept 1995]; *Khadem v Fischer & Kagan*, 215 AD2d 441, 443 [2d Dept 1995]). W&S has not proffered any new probative evidence to counter this aspect of plaintiff's legal malpractice claim. Concur—Richter, J.P., Andrias, Moskowitz, Feinman and Kapnick, JJ.