83 Willow, LLC v Apollo (2020 NY Slip Op 05843)





83 Willow, LLC v Apollo


2020 NY Slip Op 05843


Decided on October 20, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 20, 2020

Before: Acosta, P.J., Mazzarelli, Moulton, González, JJ. 


Index No. 151266/15 Appeal No. 12130 Case No. 2019-4314 

[*1]83 Willow, LLC, Plaintiff-Appellant,
v
Stephen M. Apollo, Esq., Defendant-Respondent.


Varcadipane & Pinnisi, P.C., New York (Jeffrey W. Varcadipane of counsel), for appellant.
Furman Kornfeld & Brennan LLP, New York (A. Michael Furman of counsel), for respondent.



Order, Supreme Court, New York County (Barbara Jaffe, J.), entered on or about May 2, 2019, which granted defendant's motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny the motion to the extent it sought dismissal of plaintiff's claim that defendant's alleged legal malpractice proximately caused it to incur legal expenses in defending against a specific performance action, and otherwise affirmed, without costs.
In a legal malpractice action, a "plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages" (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks and citation omitted]). Under New York law, "[a]n attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff would have succeeded on the merits of the underlying action or would not have sustained actual and ascertainable damages" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 50 [2015] [internal quotation marks omitted]; Rudolf, 8 NY3d at 442).
For purposes of the motion, defendant does not dispute that his alleged failure to advise plaintiff of the consequences of a contingency clause in its contract to sell property was negligent, but contends that plaintiff cannot demonstrate that his negligence was the "but for" causation of ascertainable damages. On this record, triable issues of fact exist as to whether, but for defendant's failure to inform plaintiff's principal that it could be locked into the sale agreement in perpetuity if it did not obtain municipal approval for redevelopment, it would not have entered into the contract as written and would have avoided litigation with the buyer who sued for specific performance (see Leggiadro, Ltd. v Winston & Strawn, LLP, 151 AD3d 413 [1st Dept 2017]; Escape Airports (USA), Inc. v Kent, Beatty & Gordon, LLP, 79 AD3d 437, 438-439 [1st Dept 2010]). Plaintiff's alleged damages, as they relate to legal expenses defending the specific performance action, may be found to be proximately related to defendant's negligent advice related to the issue of the contingency clause (see Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d at 443).
However, plaintiff's claims to recover damages based on the difference between the price it agreed to in settlement and either the original contract price or the fair market value of the property as of the date of closing were properly dismissed. The purpose of compensatory damages in attorney malpractice cases is to make the injured party whole. Plaintiff made a substantial profit on the deal, and its principal acknowledged that the settlement price was not much less than the contract price, taking into account a brokerage commission issue and that it did not have to continue incurring costs to obtain zoning approvals. Furthermore, plaintiff cannot recover legal fees it incurred to defend the slander of title matter and to prosecute the case to obtain the escrow funds since those suits are not causally related to defendant's alleged negligence (see Pyne v Block & Assoc., 305 AD2d 213 [1st Dept 2003]). 
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 20, 2020