Ofman v Tenenbaum Berger & Shivers, LLP (2023 NY Slip Op 03471)

Ofman v Tenenbaum Berger & Shivers, LLP

2023 NY Slip Op 03471

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
VALERIE BRATHWAITE NELSON
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-07102
 (Index No. 524482/19)

[*1]Mendel E. Ofman, appellant, 
v
Tenenbaum Berger & Shivers, LLP, et al., respondents.

Catafago Fini LLP, New York, NY (Jacques Catafago and Sarah Dyer of counsel), for appellant.
Lewis Brisbois Bisgaard & Smith LLP, New York, NY (Mark K. Anesh and Catherine M. Ryan of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated July 23, 2020. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint is denied.
In August 2011, the plaintiff retained the defendants to prosecute an action, inter alia, to recover damages for breach of contract against a contractor who performed renovation work for the plaintiff in 2009 (hereinafter the underlying action). The plaintiff had commenced the underlying action in 2010 through different counsel. On July 9, 2019, a judgment was issued in the underlying action in favor of the plaintiff and against the contractor in the total sum of $541,188.24. According to the plaintiff, he was unable to collect on the judgment because the contractor had since sold his assets and moved to Italy.
In November 2019, the plaintiff commenced this action against the defendants to recover damages for legal malpractice, alleging that the defendants' delays in prosecuting the underlying action prevented him from collecting on the judgment. The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The plaintiff filed an amended complaint as of right while the defendants' motion was pending and opposed the defendants' motion. In reply, the defendants requested that their motion be addressed to the amended complaint. In an order dated June 23, 2020, the Supreme Court granted the defendants' motion. The plaintiff appeals.
As a threshold matter, we note that, because the plaintiff properly filed an amended complaint as of right in response to the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, and in their reply, the defendants elected to apply their request for dismissal to the amended complaint, which superseded the original complaint, we consider the defendants' motion as directed against the amended complaint (see Estate of Feenin v Bombace Wine & Spirits, Inc., 188 AD3d 1001, 1003).
In reviewing a motion to dismiss a complaint pursuant to CPLR 3211(a)(7) for failure to state a cause of action, "the court must accept the facts alleged in the pleading as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d 714, 715; see Baugher v Cullen & Dykman, LLP, 173 AD3d 959, 961). "To state a cause of action to recover damages for legal malpractice, [a] plaintiff [i]s required to allege 'that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney's breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages'" (Jean-Paul v Rosenblatt, 208 AD3d 652, 653, quoting Cali v Maio, 189 AD3d 1337, 1338). "To establish causation, the plaintiff must plead specific factual allegations demonstrating that, but for the attorney's negligence, the underlying action would have had a more favorable outcome than resulted" (Jean-Paul v Rosenblatt, 208 AD3d at 653). "'Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action'" (id., quoting Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 848; accord Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 716).
Here, accepting the facts alleged in the amended complaint as true, and according the plaintiff the benefit of every possible favorable inference, the amended complaint sufficiently states a cause of action to recover damages for legal malpractice. The amended complaint alleges that the defendants failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by engaging in a pattern of undue delay in their prosecution of the underlying action, including by allowing the underlying action to be marked off the active calendar on two occasions and by failing to comply with certain court-ordered deadlines. The amended complaint further alleges that the defendants' negligence proximately caused the plaintiff to sustain actual and ascertainable damages in that their delays in prosecuting the underlying action prevented him from being able to collect on the judgment that was eventually entered against the contractor (see Jean-Paul v Rosenblatt, 208 AD3d at 653; Aristakesian v Ballon Stoll Bader & Nadler, P.C., 165 AD3d 1023, 1024; Oberkirch v Charles G. Eichinger, P.C., 35 AD3d 558, 559; Khadem v Fischer & Kagan, 215 AD2d 441, 442). Contrary to the defendants' contention, the plaintiff's allegations relating to proximate cause, including the nature and value of the contractor's alleged assets and when they were disposed of, were not impermissibly speculative or conclusory (see Davis v Farrell Fritz, P.C., 201 AD3d 869, 873).
Furthermore, "[a] motion to dismiss a complaint pursuant to CPLR 3211(a)(1) may be granted only if the documentary evidence submitted by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law" (Marinelli v Sullivan Papain Block McGrath & Cannavo, P.C., 205 AD3d at 715). Here, the documentary evidence submitted by the defendants in support of their motion failed to utterly refute the factual allegations in the amended complaint.
Accordingly, the Supreme Court should have denied the defendants' motion pursuant to CPLR 3211(a) to dismiss the amended complaint.
BARROS, J.P., BRATHWAITE NELSON, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court