**Park W. Exec. Servs., Inc. v Gallo Vitucci & Klar, LLP**

2025 NY Slip Op 31462(U)

April 25, 2025

Supreme Court, New York County

Docket Number: Index No. 157052/2024

Judge: Paul A. Goetz

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    HON. PAUL A. GOETZ                          PART                    47

                                              *Justice*

-------------------------------------------------------------------------------X

PARK WEST EXECUTIVE SERVICES, INC.,FIRST          INDEX NO.         157052/2024
MERCURY CASUALTY COMPANY, UNITED SPECIALTY
INSURANCE COMPANY                                  MOTION DATE       02/13/2025

                          Plaintiff,              MOTION SEQ. NO.        001

                    - v -
                                                  **DECISION + ORDER ON
GALLO VITUCCI & KLAR, LLP, HEATHER C. RAGONE,         MOTION**
MARY L. MALONEY,

                          Defendant.

-------------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document number (Motion 001) 8, 9, 10, 11, 12, 13,
14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30

were read on this motion to/for             DISMISSAL                          .

In this legal malpractice action, defendants Gallo Vitucci & Klar LLP ("GVK"), Heather

C. Ragone ("Ragone"), and Mary A. Maloney ("Maloney"), move pursuant to CPLR §§

3211(a)(1), 3211(a)(5), 3211(a)(7), and CPLR § 3013 pre-answer to dismiss the complaint

arguing that plaintiffs have failed to state a viable cause of action for legal malpractice, that they

are collateral estopped from litigating the issues raised, and that the complaint lacks particularity

as to Ragone and Malone.

## **BACKGROUND**

Plaintiff, Park West Executive Services, ("Park West") facilitates taxi and limousine

drivers to customers in need of transportation (NYSCEF Doc No 1 at ¶ 32). Plaintiffs, United

Specialty Insurance Company ("USIC") and First Mercury Casualty Company ("First

Mercury"), are insurance companies who issued policies to First West (*id*. at 34 – 35). On

October 31, 2014, non-party Margaret Rivera, a driver who had a contract with Park West, was

**157052/2024   PARK WEST EXECUTIVE SERVICES, INC. ET AL vs. GALLO VITUCCI & KLAR,**          **Page 1 of 5**
**LLP ET AL**
**Motion No.  001**

1 of 5

involved in a motor vehicle accident (*id*. at ¶ 42 – 43). As a result of the accident, non-party Ennigier Rivera, suffered injuries and commenced an action for personal injuries in New York State Supreme Court, Bronx County, entitled *Ennigier Rivera v. MD. LR. Bhuiyan and Margaret Rivera,* under index number 306435/2014 (the "Underlying Action") (*id*. at ¶ 44 – 45). Defendants represented Margaret Rivera, Mohammed Bhuiyan (the owner of the car operated by Margaret Rivera), and Park West in the Underlying Action (*id*. at 46 – 50).

Plaintiffs allege that defendants were negligent in their representation because they the First Department ruled that they admitted that Margaret Rivera was an employee of Park West, thus making them vicariously liable for Margaret Rivera's negligence. Plaintiffs contend that Margaret Rivera was an independent contractor, and if that argument had successfully been made in the underlying action, then they would not have had to settle that action.

## DISCUSSION

*Failure to State a Claim*

When reviewing a "motion to dismiss for failure to state a cause of action pursuant to CPLR 3211(a)(7), [courts] must accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every reasonable inference, and determine only whether the facts, as alleged fit within any cognizable legal theory" (*Bangladesh Bank v Rizal Commercial Banking Corp.*, 226 AD3d 60, 85-86 [1st Dept 2024] [internal quotations omitted]). "In making this determination, we are not authorized to assess the merits of the complaint or any of its factual allegations" (*id*. at 86 [internal quotations omitted]). Further "[i]n assessing a motion under CPLR 3211(a)(7), ... the criterion is whether the proponent of the pleading has a cause of action, not whether [they have] stated one" (*Eccles v Shamrock Capital Advisors, LLC*, 2024 NY Slip Op 02841 [Ct App May 23, 2024] [internal quotations omitted]).

**157052/2024   PARK WEST EXECUTIVE SERVICES, INC. ET AL vs. GALLO VITUCCI & KLAR, LLP ET AL**
**Motion No.  001**

Page 2 of 5

2 of 5

[* 2]

To establish a cause of action for legal malpractice, plaintiff must show that: (1) the attorney was negligent; (2) the attorney's negligence was a proximate cause of plaintiff's losses; and (3) plaintiff suffered actual damages" (Springs v L&D Law P.C., 234 AD3d 422, 423 [1st Dept 2025]) "An attorney's conduct or inaction is the proximate cause of a plaintiff's damages if but for the attorney's negligence the plaintiff would have succeeded on the merits of the underlying action or would not have sustained actual and ascertainable damages" (*83 Willow, LLC v Apollo*, 187 AD3d 563 [1st Dept 2020]). "Conclusory allegations of damages or injuries predicated on speculation cannot suffice for a malpractice action" (*Philip S. Schwartzman, Inc. v Pliskin, Rubano, Baum & Vitulli*, 215 AD3d 699, 703-04 [2d Dept 2023]).

Here, plaintiffs' legal malpractice claim must fail because the damages alleged are purely speculative. Plaintiffs argue that defendants were negligent by, in their motion for summary judgment in the underlying action and the appeal of that decision, admitting that Margaret Rivera was an employee of Park West. In the reply brief submitted by defendants in the Appeal to the Underlying Action, they argue for dismissal of a negligent hiring claim as against Park West,[1] because a negligent hiring claim cannot be maintained against an employer, when the employer is already liable under the theory of *respondeat superior* (*Ennigier RIVERA, Plaintiff-Respondent, v. Md. Lr. BHUIYAN, Margaret Rivera and Park West Executive Services, Inc*., Defendants-Appellants.*, 2016 WL 11543386, at *12). The First Department ruled that this argument was an admission that Margaret Rivera was an employee of Park West (*Rivera v Bhuiyan*, 149 AD3d 493, 494 [1st Dept 2017] ["Although Bhuiyan and Park West initially

---

[1] The reason that the motion sought dismissal of the negligent hiring claim in the Underlying Actions, was because punitive damages could have been sought against Park West for that cause of action, while liability on the basis of respondeat superior does not allow for punitive damages (*Quiroz v Zottola*, 96 AD3d 1035 [2d Dept 2012])

**157052/2024   PARK WEST EXECUTIVE SERVICES, INC. ET AL vs. GALLO VITUCCI & KLAR,**          **Page 3 of 5**
**LLP ET AL**
**Motion No.  001**

denied in the answer that defendant Rivera was operating the vehicle within the scope of her employment when the accident happened, in their reply affirmation, they concede the issue"]).

However, plaintiffs' allegations that had defendants not allegedly conceded that Maragaret Rivera was an employee of Park West, they would not have suffered damages, rely on a conclusory assumption that the courts would have ruled that she was an independent contractor. Defendants note that in subsequent cases, courts have rejected Park West's argument that its drivers were in fact independent contractors and found them vicariously liable (NYSCEF Doc No 17)[2]. Furthermore, while plaintiffs argue that Margaret Rivera signed a contract which labeling her as an independent contractor, such a contract is not dispositive of the issue (*Carlson v Am. Intern. Group, Inc.*, 30 NY3d 288, 301 [2017]). Therefore, plaintiffs' allegations of proximate cause are too speculative to maintain a legal malpractice action, and the complaint must be dismissed.

Accordingly it is,

ORDERED that the motion to dismiss is granted, and the Clerk is directed to enter

---

[2] While defendants argue that the ruling that other Park West drivers were employees, "collaterally estops" plaintiffs from arguing that Maragaret Rivera was an independent contractor, [f]or collateral estoppel to apply, "[t]here must be an identity of issue which has necessarily been decided in the prior action and is decisive of the present action, and there must have been a full and fair opportunity to contest the decision now said to be controlling" (*Davidson v Am. Bio Medica Corp.*, 299 AD2d 390, 390 [2d Dept 2002]), and "[T]he determination of whether someone is an independent contractor is a fact-specific question" (*Carlson v Am. Intern. Group, Inc.*, 30 NY3d 288, 301 [2017]), so collateral estoppel cannot apply as the nature of the relationship would depend upon individual facts for each worker.

**157052/2024   PARK WEST EXECUTIVE SERVICES, INC. ET AL vs. GALLO VITUCCI & KLAR, LLP ET AL**
**Motion No.  001**

**Page 4 of 5**

judgment in favor of the defendants, with costs and disbursements to the defendants as taxed by the Clerk.

20250425165557PGOETZ8B6A957DB002454AAF5ECF710F773D74

_____
**4/25/2025**
**DATE**

_____
**PAUL A. GOETZ, J.S.C.**

| CHECK ONE: | **X** | CASE DISPOSED | | | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | **X** | GRANTED | | DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**157052/2024   PARK WEST EXECUTIVE SERVICES, INC. ET AL vs. GALLO VITUCCI & KLAR, LLP ET AL**
**Motion No.  001**

Page 5 of 5