**Gerald GAUGH, Plaintiff-Appellee,**

v.

**Wilbur J. SCHMIDT and Sanger B. Powers, Defendants-Appellants.**

No. 74–1073.

United States Court of Appeals, Seventh Circuit.

Argued April 3, 1974.

Decided June 5, 1974.

Robert W. Warren, Atty. Gen., Robert D. Repasky, Asst. Atty. Gen, Madison, Wis., for defendants-appellants.

Anthony J. Theodore, Corrections Legal Services Program, Madison, Wis., for plaintiff-appellee.

Before HASTINGS, Senior Circuit Judge, SPRECHER, Circuit Judge, and STECKLER, District Judge.*

PER CURIAM.

Defendants Wilbur J. Schmidt, Secretary of the Wisconsin Department of Health and Social Services, and Sanger B. Powers, Administrator of the Division of Corrections of Wisconsin, appealed from an order enjoining them "from denying published materials to plaintiff and other persons confined at adult institutions . . . unless judicial proceedings are instituted against the publications within 15 days from receipt at the institution. . . ."**

---

* District Judge William E. Steckler of the Southern District of Indiana is sitting by designation.

** The plaintiff had been denied receipt of three paperback books ordered by him through the mail containing explicit descriptions of sexual acts and perversions, and described by defendants as pornographic.

In the district court's opinion, it held that "censorship of reading matter ordered by prisoners can be undertaken only in accord with the procedures for prior administrative restraint of expression enunciated in Freedman v. Maryland, 380 U.S. 51, 85 S.Ct. 734, 13 L.Ed. 2d 649 (1965), and Blount v. Rizzi, 400 U.S. 410, 91 S.Ct. 423, 27 L.Ed.2d 498 (1971)." The district judge therefore concluded that "[he] must enjoin defendants Schmidt and Powers from denying plaintiff access to reading matter he has ordered unless they initiate judicial proceedings against the reading matter promptly upon its receipt at the correctional institution." Gaugh v. Schmidt, 369 F.Supp. 877, 880 (W.D. Wis.1974).

The court applied different standards to the censorship of prisoner mail than those subsequently set forth by the Supreme Court of the United States in Procunier v. Martinez, 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224, 42 U.S.L.W. 4606 (1974). We therefore vacate the injunctive order and remand the cause for further proceedings in the light of that case.

Vacated and remanded.