OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Gerald Jacobson instituted this action to recover a portion of a $2,500 retainer previously paid to defendant, his lawyer in a domestic relations matter, claiming that the sum paid was unearned. Defendant maintains that the $2,500 retainer is nonrefundable.
 

 The payment was made pursuant to a letter agreement, drafted by defendant and executed by both parties shortly after an initial consultation. The agreement provided generally for an hourly charge of $100 to be paid as billed but stated in paragraph 2: "I hereby agree to a non-refundable retainer of $2,500 (which is not to be affected by any possible reconciliation between myself and my wife). Said retainer is to be credited against your charges (receipt of $2,500 being hereby acknowledged).” Plaintiff later discharged defendant without cause following a disagreement concerning whether she, rather than an associate, would represent him at a pending court hearing. Civil Court credited defendant with a maximum of 10 hours work and, relying on the $100 hourly rate stated in the retainer agreement, concluded that the fair value of defendant’s services was $1,000
 
 (Jacobson v Sassower,
 
 113 Misc 2d 279, 286). The judgment was affirmed by the Appellate Term (122 Misc 2d 863) and the Appellate Division (107 AD2d 603) which granted leave to appeal to this court.
 

 
 *993
 
 A party to an action in Small Claims Court may only appeal an adverse decision on the ground that substantial justice has not been done between the parties according to the rules and principles of substantive law (CCA 1807). Defendant is unable to prevail on that ground. A client may always discharge his attorney, with or without cause, and in the absence of a contract providing otherwise an attorney discharged without cause is entitled to be compensated in quantum meruit
 
 (Martin v Camp,
 
 219 NY 170). Because the retainer clause of this agreement is ambiguous, Civil Court properly construed it against defendant and compensated her on an hourly basis.
 

 In cases of doubt or ambiguity, a contract must be construed most strongly against the party who prepared it, and favorably to a party who had no voice in the selection of its language
 
 (67 Wall St. Co. v Franklin Natl. Bank,
 
 37 NY2d 245, 249). Additionally, and as a matter of public policy, courts pay particular attention to fee arrangements between attorneys and their clients
 
 (Smitas v Rickett,
 
 102 AD2d 928, 929). An attorney has the burden of showing that a fee contract is fair, reasonable, and fully known and understood by the client
 
 (id.; Cohen v Ryan,
 
 34 AD2d 789, 790). As the Appellate Division stated in
 
 Smitas v Rickett (supra),
 
 "[e]yen in the absence of fraud or undue influence, an agreement to pay a legal fee may be invalid if it appears that the attorney got the better of the bargain, unless [she] can show that the client was fully aware of the consequences and that there was no exploitation of the client’s confidence in the attorney”
 
 (id.,
 
 p 929, citing
 
 Greene v Greene,
 
 56 NY2d 86, 92;
 
 compare, Matter of Howell,
 
 215 NY 466, 472;
 
 Baye v Grindlinger,
 
 78 AD2d 690 [contracts executed after the initiation of an attorney-client relationship]).
 

 This retainer agreement was ambiguous because it did not state clearly that the "non-refundable retainer of $2,500” was intended to be a minimum fee and that the entire sum would be forfeited notwithstanding
 
 any
 
 event that terminated the attorney-client relationship prior to 25 hours of service. In the absence of such clear language, defendant was required to establish that plaintiff understood that those were the terms of the agreement and she failed to do so. Indeed, defendant does not claim that she explained the nature and consequences of the nonrefundable retainer clause to plaintiff before he executed the contract and the trial judge accepted plaintiff’s evidence that he did not understand the payment to be a minimum fee.
 

 
 *994
 
 In view of this disposition, it is not necessary to reach plaintiff’s further contention that nonrefundable retainer agreements are against public policy and, therefore, void.
 

 Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Titone concur; Judge Alexander taking no part. Order affirmed, with costs, in a memorandum.