■ In the Matter of ANGELA WILLIS, Respondent, v NEW YORK CITY POLICE DEPARTMENT et al., Appellants. [625 NYS2d 43] —Order and judgment (one paper), Supreme Court, New York County (Walter Tolub, J.), entered April 6, 1994, which granted petitioner's application pursuant to CPLR article 78 seeking to annul respondents' determination terminating her employment as a probationary police officer, and directed her reinstatement without prejudice to respondents terminating petitioner in accordance with procedures applicable to a permanent employee, unanimously affirmed, without costs.

We agree with the IAS Court that the parties' agreement extending petitioner's probationary employment to a specific date "implicitly absorbed" the 40 days of sick leave petitioner took during her original probationary period, and that such 40 days cannot be used to extend the probationary period beyond the date specified in the agreement *(see, Matter of Glisson v Steisel,* 96 AD2d 83, 86). While agencies should be accorded judicial deference in the application of their rules and regulations, this case involves the interpretation of a contract, which, in cases of doubt or ambiguity, should be construed against the drafter, respondents herein *(Jacobson v Sassower,* 66 NY2d 991, 993). Concur—Ellerin, J. P., Rubin, Tom and Mazzarelli, JJ.