[635 NYS2d 899]

In the Matter of Joseph A. Giorgi, an Attorney, Respondent. Grievance Committee of the Seventh Judicial District, Petitioner.

Fourth Department, December 22, 1995

**APPEARANCES OF COUNSEL**

*Daniel Drake,* Rochester, for petitioner.
*Joseph A. Giorgi,* Rochester, respondent *pro se.*

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on April 2, 1969 and maintains an office in Rochester. The Grievance Committee's petition charged respondent with

misconduct arising out of his representation of a client in several legal matters. Respondent's answer denied material allegations of the petition and the matter was referred to a Referee to make findings of fact. Petitioner now moves to confirm the report filed by the Referee. Respondent has filed an affidavit in opposition to the motion.

The Referee found that respondent charged his client 18% interest on the unpaid balance of the fees due in the matters in which he was retained, although the written retainer agreement did not authorize those charges; collected an excessive fee; failed to render a closing statement to his client; disbursed disputed trust funds to himself; neglected his client's matters; and failed promptly to pay funds due his client.

We confirm the report of the Referee and conclude that respondent has violated the following Disciplinary Rules of the Lawyer's Code of Professional Responsibility, effective September 1, 1990:

DR 1-102 (A) (8) (22 NYCRR 1200.3 [a] [8])—engaging in conduct adversely reflecting on his fitness to practice law;

DR 2-106 (A) and (D) (22 NYCRR 1200.11 [a], [d])—collecting excessive fees and failing to issue a closing statement on a contingent fee matter;

DR 6-101 (A) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter; and

DR 9-102 (B) and (C) (22 NYCRR 1200.46 [b], [c])—failing to render an accounting for funds, disbursing disputed trust funds to himself, and failing promptly to pay funds due to a client.

In determining the penalty to be imposed, we note the aggravating circumstances. Although respondent's client requested fee arbitration by the Bar Association, respondent refused. Additionally, in response to a letter of admonition in another matter, respondent mailed a letter to the Grievance Committee Chair purportedly admonishing her. Further, the failure of respondent to appreciate the seriousness of this matter is demonstrated by his inappropriate comments to the Grievance Committee and at the hearing. Therefore, we conclude that respondent should be suspended for six months and until further order of the Court.

DENMAN, P. J., GREEN, LAWTON, FALLON and CALLAHAN, JJ., concur.

Order of suspension entered.