■ CHARLES L. GRIMES, Appellant, v SUSAN CAMILLI, Respondent. [656 NYS2d 266] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered November 17, 1995, dismissing the complaint, and bringing up for review rulings which, in an action to recover a legal fee, after the close of plaintiff's evidence, denied his motion for leave to amend the complaint and granted defendant's motion for judgment as a matter of law, unanimously affirmed, with costs.

Plaintiff alleged a fee "agreement whereby defendant promised to pay plaintiff compensation for legal services rendered and to be rendered in an amount equal to the total sum billed by all counsel on objectants' [i.e., defendant's] side in the probate proceeding plus a sum equal to the total billed by [defendant's] counsel hired to establish her rights as cotrustee of a foundation." Even by plaintiff's account, he was never the counsel of record and never took part in any court proceeding related to the probate matter in which defendant was involved, did not prepare any documents in their final form, did not maintain time records and did not conduct depositions. In short, there was no indication of what benefit, if any, defendant received from plaintiff's purported services. Nor are there any writings memorializing either the fee agreement alleged or that sought to be asserted by amendment for payment of $300 an hour. Plaintiff had never handled a complicated estate matter, never practiced in the Surrogate's Court and, indeed, had no trial experience whatsoever in any court. In fact, plaintiff conceded at trial that he did not make his living through the practice of law and generally did not even accept a fee for the legal work that he did undertake. Construed in the most favorable light, plaintiff's evidence shows some work undertaken gratuitously. As the trial court found, the aggregate fee agreement alleged is unreasonably excessive as a matter of law, and therefore unenforceable, assuming that plaintiff was actually defendant's attorney (*see, Matter of Cooperman,* 83 NY2d 465, 472; *Jacobson v Sassower,* 66 NY2d 991, 993). We have considered plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Ellerin, Nardelli and Williams, JJ.