■ In the Matter of the Estate of BORIS MARGOLIN, Deceased. LLOYD I. ISLER, Appellant; DOROTHY MARGOLIN, Respondent. [687 NYS2d 109] —Order, Surrogate's Court, New York County (Renee Roth, S.), entered March 4, 1998, which, in a proceeding pursuant to SCPA 2110 by petitioner attorney to fix and determine his fee, *inter alia*, granted respondent client's cross motion for summary judgment dismissing the petition, and dismissed the client's counterclaim for an alleged overcharge, unanimously modified, on the law, to deny the client's cross motion for summary judgment insofar as addressed to the attorney's claims for hourly fees and disbursements, the petition reinstated solely to that extent, the counterclaim reinstated, and otherwise affirmed, without costs. Appeal from order, same court and Surrogate, entered September 25, 1998, which denied the attorney's motion to renew and reargue the prior order, unanimously dismissed, without costs, as academic in view of the foregoing insofar as addressed to his claims for hourly fees and disbursements, and as taken from a nonappealable disposition insofar as addressed to his claim for a 10% contingent fee on payments made to the client pursuant to a settlement agreement.

The Surrogate's Court correctly held that the provision of the retainer agreement entitling the attorney to "[t]en (10%) percent of any lump-sum paid to [the client] in settlement of [her] claims" unambiguously applied only to a one-time settlement payment to the client, and thus did not apply to the periodic payments that the attorney negotiated. To construe the phrase "any lump-sum paid" to include such periodic pay-

ments would render the word "lump-sum" surplusage, and such an interpretation should be avoided where possible (*see, Ruttenberg v Davidge Data Sys. Corp.*, 215 AD2d 191, 196). To the extent the provision is ambiguous, it must be construed against the attorney and in favor of the client (*see, Jacobson v Sassower*, 66 NY2d 991).

However, insofar as the petition sought to recover alleged hourly fees and disbursements, it was error to dismiss it as barred by the Statute of Limitations, on which the client did not rely in her cross motion for summary judgment. Because the client's moving papers did not purport to show when the attorney last provided legal services to her, she did not establish that she was entitled to judgment as a matter of law with respect to the claims for hourly fees and disbursements, and the cross motion should therefore have been denied insofar as addressed to such claims, regardless of the sufficiency of the opposing papers (*see, Ayotte v Gervasio*, 81 NY2d 1062). By the same token, the client's counterclaim to recover an alleged overcharge also should be reinstated. Concur—Rosenberger, J. P., Nardelli, Williams and Wallach, JJ.