■ GRECO & GOTTLIEB, Appellant, v STRAND REALTY CORP. et al., Respondents. [754 NYS2d 20] —Order, Supreme Court, New

York County (Leland DeGrasse, J.), entered August 1, 2001, which, in an action to recover a legal fee, insofar as appealed from, limited plaintiff law firm's recovery to quantum meruit, unanimously affirmed, without costs.

Plaintiff alleges that defendants own property that a public agency was seeking to acquire by condemnation for use by a large retailer, and that defendants retained plaintiff after the private developer of the project offered defendants $500,000 for the property. The retainer agreement on which plaintiff sues provided that plaintiff's fee was to be one third "of all sums recovered in excess of the [$500,000] offer, whether by suit, purchase or settlement," and that "if there is no condemnation; there will be no liability for legal fees or expenses." Defendants thereafter sold the property to the developer for $675,000. The motion court correctly dismissed plaintiff's contract claim, limiting plaintiff's recovery to quantum meruit. The language of the retainer permitting a fee in the event the property is purchased for more than $500,000 cannot be reconciled with the language disallowing a fee if there is no condemnation. Accordingly, the retainer agreement must be construed "most favorably for the client" (*Shaw v Manufacturers Hanover Trust Co.*, 68 NY2d 172, 177; *see Jacobson v Sassower*, 66 NY2d 991, 993). Plaintiff's evidence of City Planning Commission resolutions determining the developer's applications for special permits and for amendments of the City Map in connection with the project does not show that there was a condemnation. Concur—Tom, J.P., Mazzarelli, Williams and Gonzalez, JJ.