RONNIE GREENFIELD et al., Respondents, v PHILLES RECORDS, INC., et al., Appellants. [803 NYS2d 548]—

Order, Supreme Court, New York County (Paula J. Omansky, J.), entered June 30, 2004, after a nonjury trial on the issue of damages, which, to the extent appealed from, held that, in calculating royalties to plaintiffs for sales of phonorecords, defendants (1) may not deduct foreign VAT taxes charged; (2) with respect to phonorecords sold by Bertelsmann Music Group Entertainment, may not account to plaintiffs based upon the prices reported by Bertelsmann Music Group when accounting to defendants; and (3) may not deduct packaging costs based upon what defendants are charged by their licensees, unanimously affirmed, without costs.

To the extent any ambiguity might be deemed to exist as to

the parties' 1963 agreement regarding the calculation of taxes, the trial court properly construed it against the drafter (*Jacobson v Sassower*, 66 NY2d 991, 993 [1985]) as requiring that taxes not be taken into consideration when determining, for the purpose of computing royalties due plaintiffs under the agreement, the net retail price for replacement records. Indeed, no provision of the agreement specifically authorizes a reduction in the subject net price in consideration of taxes levied in connection with record sales. Nor did the court err in holding that plaintiffs' estimates of actual packaging costs and retail list prices were to be used in computing the net retail replacement record cost, since those estimates were supported by the most probative and persuasive evidence of actual costs and prices. Although defendants contend that the net retail list price calculation should be performed using the packaging and price figures recited in their agreements with third parties, plaintiffs are not bound by those agreements, and the figures recited in those agreements, which were negotiated in a complex transactional context, were not shown to accurately reflect the actual costs and prices at issue.

We have considered defendants' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Nardelli, Catterson and Malone, JJ.