■ In the Matter of ANGELA WILLIS, Petitioner, v RAYMOND KELLY, as Commissioner of the New York City Police Department, et al., Respondents. [826 NYS2d 204]—

Determination of respondent Police Commissioner, dated May 31, 2004, dismissing petitioner from her position as a police officer, unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred by order of the Supreme Court, New York County [Doris Ling-Cohan, J.], entered July 5, 2005) dismissed, without costs.

The determination that petitioner, inter alia, gave evasive answers and failed promptly to identify herself as a police officer on May 13, 2000, was unfit for duty due to intoxication on December 22, 2000, made false statements during the subsequent internal investigation, and provided a forged doctor's note was supported by substantial evidence. The Assistant Dep-

uty Commissioner-Trials, who heard and saw the witnesses, was in the best position to judge their credibility (*see e.g. Matter of Berenhaus v Ward*, 70 NY2d 436, 443 [1987]). The penalty of dismissal does not shock the conscience (*see e.g. Matter of Harp v New York City Police Dept.*, 96 NY2d 892 [2001]).

While petitioner's pursuit of her prior successful article 78 proceeding (*Matter of Willis v New York City Police Dept.*, 214 AD2d 428 [1995]) constitutes conduct protected by the First Amendment (*see Matter of Buric v Safir*, 285 AD2d 255, 265 [2002], *lv dismissed* 98 NY2d 688 [2002]), we do not find a viable issue as to whether such conduct was a substantial or motivating factor in the decision to bring the latest charges against petitioner, such as might warrant a hearing. Concur—Buckley, P.J., Mazzarelli, Nardelli, Catterson and Malone, JJ.