*586 OPINION OF THE COURT
Gary F. Knobel, J.
The issue presented by the plaintiff for determination has not been specifically addressed by the Code of Professional Responsibility, and appears to have only been ruled upon by a New York court in an advisory opinion issued on October 5, 2006 by the Appellate Division, First Department, in Ween v Dow (35 AD3d 58 [2006]): may an attorney recover interest at the rate set forth in the client’s retainer agreement for monies owed by the client, even if the client (or the guarantor) never objects to the particular interest rate provided for in that retainer agreement? This court answers that question in its entirety in the negative, and adopts the “reasonableness standard” suggested in dicta by the First Department in Ween.
The action at bar to recover attorney’s fees for the professional services provided by the plaintiff to defendant Christopher Antonacci between May 14, 2003 and June 18, 2004 was set down for an inquest by the clerk of the Civil Term as a result of the defendants’ failure to appear or answer the complaint. The parties were advised of the scheduled inquest date of March 27, 2007, pursuant to a letter from the clerk dated February 27, 2007. The inquest was conducted as scheduled; the defendants failed to appear in court and did not send any correspondence to the court explaining their absence. The plaintiff testified that his successful defense of Christopher Antonacci in the case of People v Antonacci, against an assault charge that was originally classified as a class D felony, resulted in an acquittal by a jury of all charges.
The parties’ retainer agreement states in pertinent part as follows:
“XII. — In the event any sum due is not paid within fifteen (15) days of its billing, interest will be charged on the balance at the rate of 16% per year and I shall be authorized to withdraw from representing you (see below). The reasons for the 16% interest have been explained to you: 1) to encourage your promptly raising any disputed time or services billed; 2) to prevent an outstanding balance from being a source of friction between you and me, thereby protecting the fragile attorney-client trust relationship; 3) because you would pay that amount of interest, or higher, on your own credit card or personal debt, so I should not be made to wait for *587 payment as a loan at a lower rate (if statutory 9% interest was charged); and 4) because of the credit card and other personal loan interest I must pay on credit if my bills are not paid because clients have run up balances with me.
“XIII. — In the event a lawsuit must be commenced against you to collect the balance of the legal fees and expenses due, you agree to pay for the legal services and disbursements incurred necessary to prosecute the suit, at the hourly rates as set forth hereinabove.”
At the inquest, the plaintiff insisted that the court enforce this provision of the retainer agreement. In a supplemental correspondence to the court, the plaintiff argues that the defendants’ “default legally establishes their acquiescence to the amount [owed] and . . . the 16% interest to be collected thereon.” In support of his position, the plaintiff relies on (1) the fact that the Disciplinary Rules of the Code of Professional Responsibility do not specifically prohibit an attorney from charging interest on an unpaid balance due under a written retainer agreement; (2) the 1995 Appellate Division, Fourth Department, case of Matter of Giorgi (218 AD2d 162 [1995]), which the plaintiff interprets as sanctioning 18% interest on the unpaid attorney’s fee balance (“the court . . . did not declare that charging interest on unpaid attorney’s fees is impermissible, nor even cite the 18% as excessive, but. . . refused to enforce it only because the interest provision was not included in the written retainer agreement”); and (3) the 2006 Court of Appeals case of King v Fox (7 NY3d 181 [2006]), which the plaintiff contends “provides conclusive proof that 16% interest is not impermissible . . . [since] the Court of Appeals held that even an unconscionable fee arrangement may be agreed to by a client.”
This court does not agree with the plaintiffs suppositions and analysis.
First, the defendants’ default does not automatically entitle the plaintiff to an award for the full amount of the attorney’s fees and interest he is seeking since, as a matter of public policy, “attorney-client fee arrangements are a matter of special concern to the courts [pursuant to the court’s power to regulate the practice of law] and [are] affected by lofty principles different from those applicable to commonplace commercial contracts” (Matter of Cooperman, 83 NY2d 465, 472 [1994], quoting
*588 Sir Francis Bacon, Of Counsel, in The Essays of Francis Bacon, at 181 [“(t)he greatest trust between (people) is the trust of giving counsel”]; see, King v Fox, 7 NY3d 181, 191 [2006]; Campagnola v Mulholland, Minion & Roe, 76 NY2d 38, 43 [1990]; Ween v Dow, 35 AD3d 58, 63 [2006]). This is due primarily to the unique fiduciary obligations imposed on the attorney as a result of the attorney-client relationship, one that “is imbued with ultimate trust and confidence . . . and a set of special and unique duties” (Matter of Cooperman, supra at 472). Consequently, particular scrutiny is given to the reasonableness of fee arrangements (see, King v Fox, supra-, Ween v Dow, supra). Not only must the terms of the retainer agreement be fair and reasonable (see, Jacobson v Sassower, 66 NY2d 991, 993 [1985]), the trial court will weigh whether the attorney’s fee sought is reasonable based upon such factors as the amount of time spent by the lawyer on the case, the work performed, the difficulty of the question involved, and the skill required to handle the problem (see, Code of Professional Responsibility DR 2-106 [b] [22 NYCRR 1200.11 (b)]; Lai Ling Cheng v Modansky Leasing Co., 73 NY2d 454 [1989], on remand 153 AD2d 839 [1989]; Utica Mut. Ins. Co. v Magwood Enters., Inc., 15 AD3d 471, 472 [2005]; Matter of Potts, 213 App Div 59 [1925]).
Secondly, although the Disciplinary Rules of the Code of Professional Responsibility do not, unfortunately, address the questions of whether an attorney can charge interest on monies owed for legal services provided and the amount of interest that can be charged, the prohibition that “[a] lawyer shall not enter into an agreement for, charge or collect an illegal or excessive fee” (Code of Professional Responsibility DR 2-106 [a] [22 NYCRR 1200.11 (a)]) has instead been applied by appellate courts to cover the omission of interest, and the rate thereof (see, Ween v Dow, 35 AD3d 58, 64 [2006]; Matter of Giorgi, 218 AD2d 162 [1995]). In Matter of Giorgi, the Appellate Division, Fourth Department, confirmed the report of the referee, who “found that respondent charged his client 18% interest on the unpaid balance of the fees due in the matters in which he was retained, although the written retainer agreement did not authorize those charges; collected an excessive fee” (Matter of Giorgi, supra at 163). The Court “conclude[d] that respondent . . . violated . . . DR 2-106 (A) . . . collecting excessive fees” (id.). There is nothing in the Giorgi decision which would illustrate plaintiffs contention that the court refused to enforce an 18% interest rate on the balance owed on the ground that *589 the retainer failed to reflect that particular penalty. Instead, the clear inference is that the 18% interest charged and collected was “an excessive fee.” (Id.)
The plaintiffs reliance on King v Fox is also misplaced. There the Court of Appeals held that it is possible that “[w]here a fully informed client with equal bargaining power knowingly and voluntarily affirms an existing fee arrangement that might otherwise be considered voidable and unconscionable, ratification can occur so long as the client has both a full understanding of the facts that made the agreement voidable and knowledge of his or her rights as a client” (King v Fox, supra at 193). King does not condone or give permission to attorneys to enter into unconscionable agreements with clients; perhaps the plaintiff is conceding that the 16% interest he would like to collect could be construed as unconscionable. The fact that the executed retainer agreement at bar, which was drafted by the plaintiff, states that defendant Christopher Antonacci “agree[s] that the 16% interest is reasonable,” does not by itself convert the retainer agreement into a ratification, or a forbearance agreement (see, Eikenberry v Adirondack Spring Water Co., 65 NY2d 125, 127-128 [1985]), nor has there been any proof adduced that the defendants ratified the retainer agreement. Their failure to appear or answer the complaint cannot be deemed to be an affirmative act of ratification.
The only case in New York which has specifically addressed the issue of awarding interest on the unpaid balance on an attorney’s fee is the First Department case (decided after King v Fox) of Ween v Dow (35 AD3d 58, 64 [2006]), where the Court opined in dicta that an attorney may recover interest, but the interest must be “fair and reasonable” (Ween v Dow, 35 AD3d 58, 64 [2006]).
The plaintiff in Ween sought to recover, pursuant to the parties’ retainer agreement, $74,373.65 in fees for legal services rendered, plus accrued interest at the rate provided for in the retainer agreement (1% per month), and additional attorney’s fees and costs incurred in trying to collect the unpaid balance. The Court affirmed the denial of the plaintiffs motion for summary judgment, and granted the defendant’s cross motion dismissing the plaintiffs fourth cause of action to recover collection fees based upon the collection clause’s lack of mutuality, fundamental unfairness and chilling effect on a client who might complain about a fee, even if it was unreasonable (Ween v Dow, supra at 63-64).
*590 Justice Nardelli, writing for the Court in Ween, relied upon a February 2000 opinion of the Committee on Professional and Judicial Ethics of the Association of the Bar of the City of New York (Formal Op 2000-2), which stated in response to an inquiry
“concerning the appropriate interest rates that can be charged . . . that the fee charged a client shall not be ‘illegal or excessive’ and shall be ‘reasonable,’ see DR 2-106; EC 2-17. Though interest is not part of a fee, but rather compensation for delay in payment of the fee, the rate of interest should be subject to the same reasonableness requirement. Furthermore, any interest charged must also comply with all applicable laws, including usury laws” (Ween v Dow, supra at 64 [internal quotation marks omitted; emphasis added], quoting Formal Op 2000-2).
However, since the appellate court could not ascertain what interest rate the plaintiff attorney was attempting to charge due to the lack of documentation, it “ advise [d the] Supreme court to bear the foregoing reasonableness standard in mind when, and if, plaintiff is able to establish his entitlement to recover fees” (id.).
This court is bound to follow the precedent established by Ween since there does not appear to be any appellate commentary or holdings in the Second Department which establish guidelines for an award of interest, in accordance with the provisions of a retainer agreement on unpaid attorney’s fees.
Although the amount of interest sought by the plaintiff here is not usurious because it does not exceed the maximum rate of interest prescribed in Banking Law § 14-a of 16% per annum (see, General Obligations Law § 5-501 [2]), this court finds that the accrual of interest at a rate of 16% per year on unpaid legal fees cannot be deemed “fair and reasonable” in light of the fact that prejudgment and postjudgment interest accrues at nine percent per year (CPLR 5001, 5002, 5004), interest on bank accounts are half of that rate, and interest on home equity loans and personal loans from financial institutions are generally below 16% per year. Consequently, the provisions in the parties’ retainer agreement which indicate that the plaintiff may charge and recover interest at a rate of 16% per year on attorney’s fees which are owed, are not entitled to judicial sanction and are therefore unenforceable (see, Ween v Dow, supra). However, the court further finds that the statutory prejudgment interest rate *591 of nine percent per year to be a fair and reasonable interest rate which the plaintiff can recover (see, CPLR 5001, 5004). The court also finds that the plaintiff established at the inquest his entitlement to an award of reasonable counsel fees in the amount sought in the complaint, $14,346.73.
Accordingly, the court awards the plaintiff the sum of $14,346.73, together with nine percent interest from December 1, 2004 (the date of plaintiffs last correspondence to defendant Christopher Antonacci and the date set forth in the complaint), plus costs. The plaintiff may either modify the proposed judgment submitted that is in the court file, or submit a new judgment directly to the clerk of the Civil Term.