The broad terms of the contingency fee agreement providing for a fee of 33V3% of “the sum recovered, whether recovered by suit, settlement or otherwise,” unambiguously require that the *657 award of attorneys’ fees be included in “the sum recovered.” The cases cited by plaintiffs involve retainer agreements with narrower provisions (see e.g. Bates v Kuguenko, 100 F3d 961 [9th Cir 1996] [table; text at 1996 WL 654449, *1, 1996 US App LEXIS 29385, *2 (1996)] [contingency fee to be computed as percentage of “damages recovered”]). Nor does this State follow the rule found in certain federal statutes that contingency counsel must take the larger of the contingency fee or the statutory fee (see e.g. 1996 WL 654449, *1, 1996 US App LEXIS 29385, *3).
The parties’ wholly separate retainer agreements for the appeals to this Court and the Court of Appeals expressly set the statutory fees for the appeals apart from the statutory and contingency fees for the trial level work.
As the retainer letters are ambiguous as to the treatment of the retainer fees, they must be construed in favor of plaintiffs (see Jacobson v Sassower, 66 NY2d 991, 993 [1985]). Concur— Mazzarelli, J.P., DeGrasse, Manzanet-Daniels and Clark, JJ.