Dubrow v Herman & Beinin (2019 NY Slip Op 03297)





Dubrow v Herman & Beinin


2019 NY Slip Op 03297


Decided on April 30, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 30, 2019

Renwick, J.P., Richter, Gesmer, Kern, Singh, JJ.


9145 651605/16

[*1]Alan Dubrow, Plaintiff-Respondent,
v
Herman & Beinin, etc., et al., Defendants-Appellants.


Herman & Beinin, Bellmore (Mark D. Herman of counsel), for appellants.
Law Office of Jonathan Strauss, New York (Jonathan Strauss of counsel), for respondent.



Order, Supreme Court, New York County (Tanya R. Kennedy, J.), entered on or about October 16, 2018, which denied defendants' motion for summary judgment dismissing the cause of action for breach of an oral agreement, unanimously affirmed, with costs.
Plaintiff alleges that defendants, who represented him in an employment discrimination action, failed to return the unexhausted portion of his $176,500 retainer pursuant to the parties' oral agreement.
Defendants failed to eliminate all factual disputes regarding the nonexistence of the oral agreement (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Defendant Mark D. Herman's affidavit, in which he denies the existence of any oral retainer agreement, and plaintiff's deposition testimony, which establishes only the lack of a traditional payment schedule or total retainer amount, do not suffice to show that there was no oral agreement in light of plaintiff's claims to the contrary.
It is undisputed that defendants never provided plaintiff with a written agreement, as required under 22 NYCRR 1215.1. In addition, Herman, in his deposition testimony, admitted that he never provided any itemization of the time spent working on plaintiff's case, even when plaintiff's counsel requested it. Thus, defendants failed to show that the amount of plaintiff's payments was fair and reasonably related to the value of services rendered (see Jacobson v Sassower, 66 NY2d 991, 993 [1985]; Dubrow v Herman & Beinin, 157 AD3d 620, 621 [1st Dept 2018]).
Defendants also failed to establish that plaintiff's claim is barred by the voluntary payment doctrine, which "bars recovery of payments voluntarily made with full knowledge of the facts, and in the absence of fraud or mistake of material fact or law" (Dillon v U—A Columbia Cablevision of Westchester, 100 NY2d 525, 526 [2003]). While defendants assert that plaintiff voluntarily made payments to compensate them for their services, rather than any "deposits" towards a retainer, they failed to establish that plaintiff had full knowledge of the relevant facts, such as the number of hours spent by defendants in connection with their representation of him (see id.; Dubrow, 157 AD3d at 621). Plaintiff also averred that defendants told him that part of the payments would be used towards a trial and an appeal, which never occurred. Since defendants allegedly intended to keep the payments, regardless of any trial or appeal, there are material issues of fact whether plaintiff made the payments "with full knowledge of the facts" (Dillon, 100 NY2d at 526) or based on a mistake of material fact (see e.g. Kirby McInerney & Squire, LLP v Hall Charne Burce & Olson, S.C., 15 AD3d 233 [1st Dept 2005]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 30, 2019
CLERK