13-1980-cv
In re: Merrill Lynch & Co., Inc.

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of June, two thousand fourteen.

PRESENT: DENNIS JACOBS,
PIERRE N. LEVAL,
ROSEMARY S. POOLER,
Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X
LOUISIANA PACIFIC CORPORATION,
Plaintiff-Appellant,

-v.-                                    13-1980-cv

MERRILL LYNCH & CO., INC., and MERRILL LYNCH, PIERCE, FENNER & SMITH, INCORPORATED,
Defendants-Appellees.[1]
- - - - - - - - - - - - - - - - - - - -X

---

[1] The Clerk of Court is directed to amend the case caption as above.

1

**FOR APPELLANT:**     SHAWN RAITER (<u>with</u> Paul A. Sand <u>on the brief</u>), Larson King, LLP, St. Paul, Minnesota.

Mark A. Fuchs, Vice President, General Counsel and Corporate Secretary, Louisiana Pacific Corporation, Nashville, Tennessee, <u>on the brief</u>.

**FOR APPELLEES:**     ANDREW STERN (<u>with</u> Alex J. Kaplan <u>and</u> Tom A. Paskowitz <u>on the brief</u>), Sidley Austin LLP, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, <u>C.J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Plaintiff-appellant Louisiana Pacific Corporation ("Louisiana Pacific") appeals from a final judgment, entered on April 17, 2013, dismissing with prejudice all of Louisiana Pacific's claims against Merrill Lynch & Co., Inc. ("Merrill"), and Merrill Lynch, Pierce, Fenner & Smith Incorporated ("MLPFS") (collectively, "Defendants"). <u>See</u> <u>La. Pac. Corp. v. Money Mkt. 1 Institutional Inv. Dealer</u>, 851 F. Supp. 2d 512 (S.D.N.Y. 2012).[2] We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Between February 2007 and July 2007, Louisiana Pacific purchased more than $50 million in auction rate securities ("ARS") at auctions managed by Defendants. When Defendants

---

[2] Louisiana Pacific also brought suit against Deutsche Bank Securities, Inc. ("Deutsche Bank") and Money Market 1 Institutional Investment Dealer ("MM1"). These matters were transferred to the Southern District of New York for coordinated pretrial proceedings by the Judicial Panel on Multidistrict Litigation, after which Louisiana Pacific's claims against Deutsche Bank were severed and remanded to the Northern District of California. Louisiana Pacific obtained a default judgment against MM1.

withdrew their support from the ARS market on February 13, 2008, Louisiana Pacific was left holding illiquid long-term financial instruments.  See generally Wilson v. Merrill Lynch & Co., 671 F.3d 120, 123-28 (2d Cir. 2011).

On these basic facts, Louisiana Pacific asserts claims against MLPFS for market manipulation and material misstatements or omissions under section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder.  See 15 U.S.C. § 78j(b); 17 C.F.R. § 240.10b-5.  It also asserts a control-person liability claim against Merrill Lynch & Co. under section 20(a) of the Exchange Act.  See 15 U.S.C. § 78t(a).  Finally, it asserts claims against Defendants under California law and common law.

We review de novo the district court's dismissal of these claims, accepting all non-conclusory factual allegations as true and drawing all reasonable inferences in the Louisiana Pacific's favor.  Generally, a complaint must plead sufficient facts to "raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  Louisiana Pacific's securities fraud claims must be pleaded "with particularity" and, to the extent an allegation is made on information and belief, "all facts on which that belief is formed" must also be pleaded with particularity.  15 U.S.C. § 78u-4(b)(1) (2012); see also ATSI Communs., Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 101 (2d Cir. 2007) ("Because a claim for market manipulation is a claim for fraud, it must be pled with particularity under [Federal Rule of Civil Procedure] 9(b).").

A.   Federal Securities Fraud Claims

To state a misrepresentation claim under section 10(b) and Rule 10b-5, the complaint must "allege that the defendant[s] (1) made misstatements or omissions of material fact, (2) with scienter, (3) in connection with the purchase or sale of securities, (4) upon which the plaintiff relied, and (5) that the plaintiff's reliance was the proximate cause of its injury." Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, 552 U.S. 148, 157 (2008).  To state a market manipulation claim, the complaint must "allege (1) manipulative acts; (2) damage (3) caused by reliance on an assumption of an efficient market free of manipulation; (4) scienter; (5) in connection with the purchase or sale of securities; (6) furthered by the defendant's use of the

3

mails or any facility of a national securities exchange."
ATSI, 493 F.3d at 101.

Having conducted an independent and de novo review of the record in light of these principles, we affirm the dismissal of these claims. See La. Pac. Corp., 851 F. Supp. 2d at 525-28 (S.D.N.Y. 2012).

Louisiana Pacific's misstatement and manipulation claims boil down to two basic points: (1) MLPFS's support bidding affected the clearing rate of the auctions and (2) MLPFS's ARS market activities created a false appearance of liquidity and thereby artificially inflated prices paid for ARS. We have thrice rejected this theory of liability on the grounds that investors were sufficiently on notice of the liquidity risks inherent in ARS (and the market was therefore not misled) because the SEC cease-and-desist order dated May 31, 2006 and Defendants' online disclosure of its ARS practices and procedures sufficiently disclosed that auction managers could--and did--intervene in, and set clearing rates for, their own auctions. See Cellular South Inc. v. Merrill, Lynch, Pierce, Fenner & Smith, Inc., 516 F. App'x 30, 32 (2d Cir. 2013) (summary order), Anschutz Corp. v. Merrill Lynch & Co., 690 F.3d 98, 108-09 (2d Cir. 2012); Wilson, 671 F.3d at 131-32.

Like the plaintiffs in Anschutz, Louisiana Pacific has attempted has attempted to save its claims by leveraging a passage in Wilson leaving open the possibility that a "hypothetical complaint" might state a claim by alleging that, "as of the time of [plaintiff's] purchase, Merrill [and/or MPFLS] presently intended to place bids in every single auction, knew that each auction would fail if it did not place these bids, and signaled to its ARS investors that these securities were genuinely liquid."[3] Wilson, 671 F.3d

---

[3] Plaintiffs may be placing more weight on that passage than it can bear. As explained in Wilson, "[e]ven if we were to construe the complaint as attempting to plead that Merrill, at least for a time, placed support bids in every single auction for Merrill ARS, we do not see how that allegation can be actionable given Merrill's disclosure that it 'may routinely' place such bids." 671 F.3d at 133; see also Anschutz, 690 F.3d at 110 (explaining that after the website disclosure, investors who had purchased "had the option to buy, sell, or hold the ARS at issue. By that time, [such investors] w[ere] fully informed of Merrill

at 139.  Louisiana Pacific's allegations, however, are materially indistinguishable from those in <u>Anschutz</u> and <u>Wilson</u>.  "In short, the [complaint] fails to state a claim for violation of the federal securities laws, not because it lacks magic words prescribed by <u>Wilson</u>, but because, like the complaint[s] we rejected in [<u>Wilson</u> and <u>Anschutz</u>]," Louisiana Pacific's "generalized and conclusory allegations are not 'well-pleaded.'"  <u>Anschutz</u>, 690 F.3d at 110 (citing <u>Wilson</u>, 671 F.3d at 139); <u>see also</u> Appellees' Br. 30-38 (comparing the material allegations of Louisiana Pacific's complaint with those filed by the <u>Wilson</u> and <u>Anschutz</u> plaintiffs).[4]

B.    State Law & Common Law Claims

After a <u>de novo</u> review of the record, we conclude that Louisiana Pacific's state law and common law claims were properly denied for substantially the same reasons stated by the district court.  <u>See</u> <u>La. Pac. Corp.</u>, 851 F. Supp. 2d at 530-31.

For the foregoing reasons, and finding no merit in Louisiana Pacific's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

---

Lynch's ARS practices, and [those that still decided to hold [have no actionable claim for fraud]."].  How Rule 10b-5 claims against these Defendants could survive such holdings is unclear.  <u>Cf.</u> <u>Gurary v. Winehouse</u>, 190 F.3d 37, 45 (2d Cir. 1999) ("The gravamen of manipulation is deception of investors into believing that prices at which they purchase and sell securities are determined by the natural interplay of supply and demand, not rigged by manipulators.").

[4]    Having concluded that Louisiana Pacific failed to state a claim for any primary violation of the securities laws, we affirm the district court's dismissal of its Section 20(a) claim alleging that Merrill Lynch & Co. is liable as a controlling person.  <u>See</u> <u>SEC v. First Jersey Sec., Inc.</u>, 101 F.3d 1450, 1472 (2d Cir. 1996).